FALL 1809,<br>First District.<br><br>PARISH<br>vs.<br>SYNDICS OF<br>PHILLIPS.

*By the Court*, LEWIS, *J. alone.*   Let the bail be discharged.

— හ —

## PARISH vs. SYNDICS OF PHILLIPS.

THE petition stated that George T. Phillips on the 11th of May, 1807, executed to George M. Woolsey, three several mortgages for the total sum of seventy-six thousand dollars, payable by instalments.   That Woolsey, in the month of March following, for a valuable consideration, transferred those mortgages to the plaintiff, after which Phillips became a bankrupt, and his estate was vested in the defendants, in trust, &c.   In the conclusion an order of seizure was prayed for.

A fraudulent mortgage void in the hands of assignees with notice.

THE answer admitted the mortgages, their transfer and the bankruptcy, but stated that Woolsey was at the time the mortgages were executed, and long prior thereto, a dormant partner of Phillips, and that the mortgages were received by him with a full knowledge of Phillips' deranged affairs, and in fraud of his creditors: that Totter, who received the assignment of the mortgages in the name of the plaintiff, was at the time

FALL 1809,
First District.

PARISH
*vs.*
SYNDICS OF
PHILLIPS.

the agent of Woolsey, and had also full notice of the obligations of Phillips as to such partnership, and accepted the assignment with such a knowledge and without the authority of the plaintiff, and in fraud of the creditors of Phillips.

A JURY was impannelled to try several issues submitted to them by the court, and found the following facts:

1. A PARTNERSHIP existed between Phillips, Woolsey, and one Coit.

2. THIS partnership was dissolved on an offer made by Phillips on the 5th of September, 1805, to pay eight thousand dollars to each of his partners.

3. THE partnership was renewed between Woolsey and Phillips, and not dissolved previous to the bankruptcy of Phillips.

4 WHEN the mortgage was made by Phillips to Woolsey, the former was in failing circumstances, without the knowledge of the latter.

5. TOTTER, through whose agency the assignment was made to the plaintiff, had full knowledge of the failing circumstances of Phillips, at the time of the assignment.

*Prevost, Ellery* and *Robertson,* for the defendants. After the affairs of Phillips became deranged, no act, even a public one, of Woolsey, could dissolve the partnership; for no partner can fraudulently and unseasonably renounce a partnership. 1 *Dom.* 162, *Lex. Merc.* 459. 4 *Brown* 428, *Matley's case.*

The partnership rendered Woolsey liable to the payment of the partnership debts, in their full extent, *Watson* 46, 168. *Lex. Merc.* 123, 430. 2 *Blackstone* 98. 5 *Term. R.* 601.

Woolsey being a partner, the mortgage executed in his favour by Phillips, was in fraud of the creditors of the firm, which at that time was actually, if not declaredly, insolvent; and supposing him a creditor, still as a partner this claim could only be satisfied out of the surplus sum of the firm. *Curia Phil.* 406, *Ord. Bilboa*, 107. But Woolsey was not even a creditor and the mortgage was without consideration, and subject to the exception of *non enumeratâ pecuniâ.* 3 *Febrero* 405. 1 *Brown* 428. 3 *Wilson* 187. 2 *Hen. Blacks.* 4000. Fraud in cases of insolvency, is always presumed. *Cur. Philip.* 408. May be proved by circumstances. *Atk.* 352, *Pothier* 20. Equity relieves even against presumptive fraud. 1 *Atkins* 352.

Whether there was a partnership or not, the mortgages are equally fraudulent, and voidable at the instance of the creditors at large, Phillips being then insolvent. This principle was adopted by the Roman law, and founded in strict morals. It has been received and recognised by all the civilized world. It is the law in Spain and France, and accords with the common and statute law of Great Britain. *Digest, tit.* 8, § 1. *Fonblanque*, 260, 267. *Cowper*, 424. *Lord Mansfield's opinion.*

FALL 1809,
First District.

PARISH
*vs.*
SYNDICS OF
PHILLIPS.

FALL 1809,
First District.

FOLK & AL.
*vs.*
SOLIS.

THE assignment partakes of the nature of the original mortgage, and was polluted by the same fraud. Fraud is an *exceptio in rem*, and follows the subject matter through all its changes. 3 *Febrero* 591. *Watson* 286. *Fonblanque* 139. The assignee had knowledge, if not notice of the fraudulent execution of the mortgage. This appears from the person chosen to represent the assignee, from the date of the assignment, and the circumstances attending it. Totter, who undertook to represent the plaintiff, was not authorized by him, on the contrary, he was Woolsey's man. If he was authorized by the assignee, he had full notice of the situation of Phillips' affairs, and notice to him was notice to his principal. 1 *Pow.* 485. If on the contrary, he was not authorized, he could give no validity to the assignment. Notice is charged in the answer and has not been denied. 1 *Pow.* 45. 1 *Vernon* 484. *Wally* vs. *Wally.*

CASE ADJOURNED.—*See Post* 97.